## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**CASE NO.: 1:25-cv-00778**

VOLTSTAR TECHNOLOGIES, INC.,

      Plaintiff,

v.

VOICE COMM, LLC,

      Defendant.

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff VOLTSTAR TECHNOLOGIES, INC. ("Voltstar") by and through its undersigned counsel, brings this Complaint against Defendant VOICE COMM, LLC for Patent Infringement, and in support, alleges as follows:

## NATURE OF THE LAWSUIT

1. This is an action for patent infringement of United States Patent Number 9,024,581, and its Reissue Patent Number RE48,794 E (hereinafter, the " '794 Patent") arising under the patent laws of the United States Title 35, United States Code §§ 1 *et seq.* to enjoin further infringement and obtain damages resulting from VOICE COMM, LLC's unauthorized manufacture, use, offer to sell and sale in the United States of products identified and described herein in violation of Plaintiff Voltstar's rights under the '794 Patent.

## JURISDICTION AND VENUE

2. This Court has original and exclusive subject matter jurisdiction pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1338(a); and 35 U.S.C. § 271.

3. This Court has personal jurisdiction over the Defendant.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1400(b) and 28 U.S.C. § 1391(b)(3) because Defendant has committed acts of infringement and is subject to personal jurisdiction within this judicial district and division.

## THE PLAINTIFF

5. Plaintiff, Voltstar Technologies, Inc. ("Voltstar"), is an Illinois Corporation with a principal place of business located at P.O. Box 3727, Barrington, IL 60010.

## THE DEFENDANT

6. VOICE COMM, LLC ("Voice Comm") is a New Jersey limited liability company with its principal place of business at 175 Derousse Ave, Suite 100, Pennsauken, NJ, 08110 and can be served by serving its registered agent, Corporation Service Company at Princeton South Corporate Center, Suite 160, 100 Charles Ewing Blvd., Ewing, NJ 08628.

## THE PLAINTIFF'S PATENT

7. Voltstar owns all right, title and interests in, and/or has standing to sue for infringement of United States Patent Number RE48,794 E (the "'794 patent"), entitled "Charger Plug With Improved Package", issued October 26, 2021. A copy of the '794 Patent is attached hereto as **Exhibit 1**.

8. Prior to May 21, 2008, James W. McGinley, Donald Rimdzius, and David P. Marcusen, invented a novel and non-obvious Charger Plug with Improved Package.

9. McGinley, Rimdzius, and Marcusen applied for and obtained United States Patent No. 9,024,581 (the "'581 patent") entitled "Charger Plug with Improved Package Electrical Charger" which was duly and legally issued on May 5, 2015.

10. McGinley, Rimdzius and Marcusen assigned all right, title and interest in and to the '581 Patent to Horizon Technologies, Inc. in May, 2008, which was recorded at the United States Patent and Trademark Office on May 21, 2008 at Reel 20979, Frame 56. Horizon

Technologies, Inc. changed its name to Voltstar Technologies, Inc. and recorded such change of name at the United States Patent and Trademark Office on March 1, 2010, and corrected on November 22, 2010 at Reel 25411, Frame 783.

11. In general, non-legal terms, the '581 Patent relates to a Charger that is to be connected between a source of AC power, such as a wall outlet, and a device such as a mobile phone that includes a battery with the battery being rechargeable through the use of DC power. The size and shape of the Charger are such that upon plugging the Charger into a source of AC power such as a wall outlet, (a) the Charger does not block or interfere with the use of adjacent outlets and (b) the Charger does not interfere with objects or furniture that may be placed adjacent to or in front of the outlet.  In addition, the size and shape of the Charger are such that (a) a power cord for the device to be charged may be easily inserted into and removed from the Charger while the Charger is plugged into the source of AC power and (b) removal of the power cord from the Charger can be accomplished without removal of the Charger from the source of AC power. An example of the "Charger Plug with Improved Package Electrical Charger" is shown below:



12. On October 26, 2021, the U.S. Patent No. 9,024,581 was reissued as Patent Number US RE48,794 E ("the '794 Patent"). The reissued '794 Patent, in part, specifically amended Claim 1(i) to now state: "being sized so that the charger plug housing comprises a longitudinal length extending between the front wall and the rear end and the longitudinal length is less than 2.0 inches, a width of the housing outer profile being less than 1.75 inches …"[1]

13. Pursuant to 35 U.S.C. § 252, Claim 1 of the reissued '794 Patent is substantially identical with the original U.S. Patent No. 9,024,581 in that it has only limited the sizing dimensions of the claimed invention. Therefore, the reissued '794 Patent is a continuation of the original U.S. Patent No. 9,024,581 and has effect continuously from the date of the original patent as May 5, 2015.

## DEFENDANT'S PRODUCTS

### Accused Product #1–Ventev 12W Wall Charger

14. Voice Comm makes, uses, offers for sale and sells Ventev 12W Wall Charger (hereinafter referred to as "Ventev 12W"). An example of the Ventev 12W distributed by Voice Comm is shown below.

---

[1] The previous language of the U.S. Patent No. 9,024,581 Claim 1(i) stated: "being sized so that the charger plug housing comprises a longitudinal length extending between the front wall and the rear end and the longitudinal length is equal to or less than 2.0 inches …"

On reissue, the USPTO amended the claim language. The bolded language was omitted and the italicized portion was included, shown as follows: "being sized so that the charger plug housing comprises a longitudinal length extending between the front wall and the rear end and the longitudinal length is [**equal to or**] less than 2.0 inches, *a width of the housing outer profile being less than 1.75 inches …*"



15. Voice Comm advertises the use of and sells its Ventev 12W which a *charger* that is to be connected between a source of AC power, such as a wall outlet, and a device such as a mobile phone that includes a battery with the battery being rechargeable through the use of DC power.

16. In particular, the Ventev 12W distributed by Voice Comm employ a reduced plug-size charger plug, that upon plugging the Power Adapter into a source of AC power such as a wall outlet, the Ventev 12W does not block or interfere with the use of adjacent outlets.

17. Moreover, the size and shape of the Ventev 12W are such that a power cord for the device to be charged may be easily inserted into and removed from the Ventev 12W while the charger is plugged into the source of AC power and removal of the power cord from the Ventev 12W can be accomplished without removal of the charger from the source of AC power.

18. Attached hereto as **Exhibit 2** is a Claim Chart that illustrates each element of the infringing Ventev 12W as compared to Claim 1 in the '794 Patent.

19. Voice Comm infringed at least one of the claims of the '794 Patent by offering to sell and by selling a charger plug identified as Ventev 12W.

20. The Ventev 12W has a longitudinal length less than 2 inches, approximately 1.383 inches, and a width of less than 1.75 inches, approximately 1.373 inches.

**Accused Product #2–Ventev 30W GaN Mini Wall Charger + Cable**

21. Voice Comm makes, uses, offers for sale and sells Ventev 30W GaN Mini Wall Charger + Cable (hereinafter referred to as "Ventev 30W"). An example of the Ventev 30W distributed by Voice Comm is shown below.



22. Voice Comm advertises the use of and sells its Ventev 30W which a *charger* that is to be connected between a source of AC power, such as a wall outlet, and a device such as a mobile phone that includes a battery with the battery being rechargeable through the use of DC power.

23. In particular, the Ventev 30W distributed by Voice Comm employs a reduced plug-size charger plug, that upon plugging the Power Adapter into a source of AC power such as a wall outlet, the Ventev 30W does not block or interfere with the use of adjacent outlets.

24. Moreover, the size and shape of the Ventev 30W are such that a power cord for the device to be charged may be easily inserted into and removed from the Ventev 30W while

the charger is plugged into the source of AC power and removal of the power cord from the Ventev 30W can be accomplished without removal of the charger from the source of AC power.

25. Attached hereto as **Exhibit 3** is a Claim Chart that illustrates each element of the infringing Ventev 30W as compared to Claim 1 in the '794 Patent.

26. Voice Comm infringed at least one of the claims of the '794 Patent by offering to sell and by selling a charger plug identified as Ventev 30W.

27. The Ventev 30W has a longitudinal length less than 2 inches, approximately 1.543 inches, and a width of less than 1.75 inches, approximately 1.266 inches.

## COUNT I
## DIRECT INFRINGEMENT OF U.S. PATENT NO. RE48,794 E

28. Voltstar repeats, realleges, and incorporates by reference, as if fully set forth herein paragraphs 1 through 27, as set forth above.

29. Within the six years preceding the filing of this Complaint, Voice Comm has directly infringed at least one claim of U.S. Patent No. RE48,794 E by the activities referred to in this Complaint in violation of 35 U.S.C. § 271(a).

30. Without limiting the foregoing, Voice Comm has infringed at least Claim 1 of the '794 Patent as described in the Claim Chart attached hereto as **Exhibits 2 and 3**.

31. Voice Comm's acts of making, using, importing, selling, and/or offering for sale infringing products and services have been without license, permission, or authorization from Voltstar.

32. Voice Comm's infringement of the '794 Patent has injured and continues to injure Voltstar in an amount to be proven at trial, but not less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Voltstar Technologies, Inc. demands judgment and relief against Defendant VOICE COMM, LLC and respectfully requests that the Court:

A. An entry of judgment holding that Defendant has infringed and is infringing the '794 Patent;

B. For an accounting and an award of damages sufficient to compensate Voltstar for the infringement in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284;

C. A determination that Defendant's infringement has been willful, wanton, and deliberate and that the damages against it be increased up to treble on this basis or for any other basis in accordance with the law;

D. A finding that this case is an exceptional case under 35 U.S.C. § 284 and an award to Voltstar of its costs and reasonable attorneys' fees as provided by 35 U.S.C. § 285;

E. An accounting of all infringing sales and revenues, together with post judgment interest and prejudgment interest from the first date of infringement of the '794 Patent; and

F. That Voltstar is entitled to such other and further relief as to the Court appears just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: January 28, 2025                    Respectfully submitted,

*/s/ Rebecca A. Kornauser*
REBECCA A. KORNHAUSER
Bar Number: 517662024

Rebecca.kornhauser@sriplaw.com

**SRIPLAW, P. A.**
41 Madison Avenue
25th Floor
New York, New York 10010
646.517.3534 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Voltstar Technologies, Inc.*