UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

VOLTSTAR TECHNOLOGIES, INC.,

    Plaintiff,

    v.

VOICE COMM, LLC,

    Defendant.

Case No. 1:25-cv-00778-KMW-EAP

## VOICECOMM, LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

VoiceComm, LLC ("VoiceComm" or "Defendant") files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Voltstar Technologies, Inc.'s ("Voltstar" or "Plaintiff") Complaint. VoiceComm denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

## NATURE OF THE LAWSUIT

1. VoiceComm admits that Plaintiff has alleged infringement of a patent under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq.*, but denies it has committed and/or is committing acts of infringement and denies Plaintiff is entitled

---

[1] For avoidance of doubt, VoiceComm denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

1

to any relief. VoiceComm denies any remaining allegations in Paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2. VoiceComm does not contest that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1338(a); and 35 U.S.C. § 271 because Plaintiff has alleged infringement of a patent under the Patent Laws of United States, but denies it has committed and/or is committing acts of infringement and denies Plaintiff is entitled to any relief. VoiceComm denies any remaining allegations in Paragraph 2 of the Complaint.

3. VoiceComm does not contest whether personal jurisdiction over it properly lies in this District, but denies it has committed and/or is committing acts of infringement within the State of New Jersey, in this District, or in the United States and, on that basis, denies the remaining allegations of Paragraph 3 of the Complaint.

4. VoiceComm does not contest whether venue is proper in this District in this case but denies it has committed and/or is committing acts of infringement within the State of New Jersey, in this District, or in the United States and, on that basis, denies the remaining allegations of Paragraph 4 of the Complaint.

## THE PLAINTIFF

5.      VoiceComm is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and, on that basis, denies all such allegations.

## THE DEFENDANT

6.      VoiceComm denies that it is a New Jersey limited liability company. VoiceComm is a Delaware limited liability company and admits its principal place of business is at 175 Derousse Ave, Suite 100, Pennsauken, NJ, 08110 and it can be served by serving its Registered Agent, Corporation Service Company, at Princeton South Corporate Center, Suite 160, 100 Charles Ewing Blvd., Ewing, NJ 08628.

## THE PLAINTIFF'S PATENT

7.      VoiceComm admits that a copy of what purports to be U.S. Patent No. RE48,794 E (the "'794 Patent"), entitled "Charger Plug With Improved Package" is attached to the Complaint as Exhibit 1. VoiceComm is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 of the Complaint and, on that basis, denies all such allegations.

8.      VoiceComm denies that ideas claimed in U.S. Patent No. 9,024,581 (the "'581 Patent") or the '794 Patents constitute an invention. Whether the purported invention is novel and non-obvious is a legal conclusion to which no response is required. VoiceComm is without knowledge or information sufficient to

3

form a belief as to the truth of the remaining allegations in Paragraph 8 of the Complaint and, on that basis, denies all such allegations.

9. VoiceComm is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and, on that basis, denies all such allegations.

10. To the extent Paragraph 10 refers to public documents, the Court should refer to such documents. VoiceComm is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, on that basis, denies all such allegations.

11. VoiceComm admits that the '581 Patent speaks for itself but denies any characterizations inconsistent therewith and denies that the '581 Patent constitutes an invention and, on that basis, denies any remaining allegations in Paragraph 11 of the Complaint.

12. VoiceComm is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and, on that basis, denies all such allegations.

13. VoiceComm is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and, on that basis, denies all such allegations.

## DEFENDANT'S PRODUCTS

### Accused Product #1 – Ventev 12W Wall Charger

14. VoiceComm admits that it offers for sale and sells the product Plaintiff identifies as the Ventev 12W Wall Charger. VoiceComm denies any remaining allegations in Paragraph 14 of the Complaint.

15. VoiceComm denies the allegations in Paragraph 15 of the Complaint.

16. VoiceComm denies the allegations in Paragraph 16 of the Complaint.

17. VoiceComm denies the allegations in Paragraph 17 of the Complaint.

18. VoiceComm denies the allegations in Paragraph 18 of the Complaint.

19. VoiceComm denies the allegations in Paragraph 19 of the Complaint.

20. VoiceComm denies the allegations in Paragraph 20 of the Complaint.

### Accused Product #2 – Ventev 30W GaN Mini Wall Charger + Cable

21. VoiceComm admits that it offers for sale and sells the product Plaintiff identifies as the Ventev 30W GaN Mini Wall Charger + Cable. VoiceComm denies any remaining allegations in Paragraph 21 of the Complaint.

22. VoiceComm denies the allegations in Paragraph 22 of the Complaint.

23. VoiceComm denies the allegations in Paragraph 23 of the Complaint.

24. VoiceComm denies the allegations in Paragraph 24 of the Complaint.

25. VoiceComm denies the allegations in Paragraph 25 of the Complaint.

26. VoiceComm denies the allegations in Paragraph 26 of the Complaint.

27. VoiceComm denies the allegations in Paragraph 27 of the Complaint.

## COUNT 1
## [ALLEGED] DIRECT INFRINGEMENT OF U.S. PATENT NO. RE48,794 E

28. VoiceComm incorporates by reference each of its responses set forth in Paragraphs 1-27 as if fully set forth herein.

29. VoiceComm admits that this action arises under the Patent Laws of the United States, including under 35 U.S.C. § 271, *et seq.*, but denies it has committed and/or is committing acts of infringement and, on that basis, denies the allegations of Paragraph 29 of the Complaint.

30. VoiceComm denies the allegations in Paragraph 30 of the Complaint.

31. VoiceComm denies the allegations in Paragraph 31 of the Complaint.

32. VoiceComm denies the allegations in Paragraph 32 of the Complaint.

## [PLAINTIFF'S] PRAYER FOR RELIEF

VoiceComm denies the Plaintiff is entitled to any relief from VoiceComm and denies all the allegations contained in Paragraphs A-F of Plaintiff's Prayer for Relief.

## [PLAINTIFF'S] JURY DEMAND

VoiceComm is not required to provide a response to Plaintiff's demand for a jury trial.

## **AFFIRMATIVE DEFENSES**

VoiceComm's Affirmative Defenses are listed below. VoiceComm reserves the right to amend its answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

## **FIRST AFFIRMATIVE DEFENSE**

VoiceComm has not infringed and does not infringe, either literally or under the doctrine of equivalents, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '794 Patent (the "Asserted Patent").

## **SECOND AFFIRMATIVE DEFENSE**

Each asserted claim of the Asserted Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto. The asserted claims of the Asserted Patent are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent No. 5,243,510; U.S. Patent No. 5,580,268; U.S. Patent No. 5,681,188; U.S. Patent No. 5,744,934; U.S. Patent No. D482,654; and/or 6,644,984.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to the Asserted Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that VoiceComm's actions allegedly infringe the Asserted Patent, VoiceComm is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the Asserted Patent.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that VoiceComm indirectly infringes, either by contributory infringement or inducement of infringement, VoiceComm is not liable to Plaintiff for the acts alleged to have been performed before VoiceComm knew that its actions would cause indirect infringement.

## FIFTH AFFIRMATIVE DEFENSE

The claims of the Asserted Patent are not entitled to a scope sufficient to encompass any product of, system employed by, or process or method practiced by VoiceComm.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that VoiceComm makes, uses, or sells any product or service embodying each claimed

element of any asserted claim, or that VoiceComm directs or controls another entity to make, use, or sell any element that is not made, used, or sold by VoiceComm.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the Asserted Patent does not claim patentable subject matter under 35 U.S.C. § 101.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that any system employed by VoiceComm includes: (1) "first and second separate blade members secured within the housing so as to have prong portions of the blade members positioned in order to extend in a first direction from a front wall of the housing the prong portions adapted to be received in the receptacle openings of the power source"; (2) the charger plug including a DC connector having an aperture adapted to removably receive a corresponding power cord plug end for transmitting DC power to the rechargeable electronic device"; (3) "the charger plug housing

forming a) a charger plug face area defined by the front wall b) an outer profile defined by a perimeter of the front wall and defined by a plug body extending rearward from the front wall and c) a rear end opposite the front wall"; and (4) "the charger plug configured to be capable of plugging into a standard wall outlet and further: i) being sized so that the charger plug housing comprises a longitudinal length extending between the front wall and the rear end and the longitudinal length is less than 2.0 inches, a width of the housing outer profile being less than 1.75 inches, and ii) the outer profile having no interference with an adjacent receptacle of the power source located on all sides of the first receptacle when a like charger plug is mounted in all available orientations in any of the other receptacles, so that when space is limited by an obstacle adjacent or in front of the power source the charger plug is capable of being conveniently mounted to one of the receptacles, the power cord plug end may be conveniently received by the DC connector, and the power cord plug end can be conveniently removed from the DC connector while leaving the charger plug connected to the receptacle" as required by Claim 1 of the '794 Patent.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are statutorily limited or barred by 35 U.S.C. §§ 286 and/or 287.

## ELEVENTH AFFIRMATIVE DEFENSE

Should VoiceComm be found to infringe any valid, enforceable claim of the Asserted Patent, Plaintiff is precluded from recovering increased damages under 35 U.S.C. § 284 and such alleged infringement was not willful.

## TWELFTH AFFIRMATIVE DEFENSE

VoiceComm is not liable to Plaintiff due to Plaintiff's failure to name all necessary parties.

## THIRTEENTH AFFIRMATIVE DEFENSE

Absolute and equitable intervening rights, including under 35 U.S.C. § 252, bar Plaintiff's claims for relief in whole or in part.

## VOICECOMM'S COUNTERCLAIMS

For its counterclaims against Plaintiff Voltstar Technologies, Inc. ("Voltstar"), Counterclaim Plaintiff VoiceComm, LLC ("VoiceComm") alleges as follows:

## PARTIES

1. Counterclaim Plaintiff VoiceComm is a Delaware limited liability company with its principal place of business at 175 Derousse Ave, Suite 100, Pennsauken, NJ, 08110.

2. Upon information and belief based solely on Paragraph 5 of the Complaint as pled by Plaintiff, Counterclaim Defendant Voltstar is an Illinois Corporation with principal place of business located at P.O. Box 3727, Barrington, Illinois, 60011.

## JURISDICTION

3. VoiceComm incorporates by reference Paragraphs 1-2 above.

4. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 et seq., and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5. Voltstar has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6. Based solely on Voltstar's filing of this action, venue is proper, though not necessarily convenient, in this District pursuant at least 28 U.S.C. §§ 1391 and 1400.

## COUNT 1
## DECLARATION REGARDING NON-INFRINGEMENT

7. VoiceComm incorporates by reference Paragraphs 1–6 above.

8. Based on Voltstar's filing of this action and at least VoiceComm's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether VoiceComm infringes U.S. Patent No. RE 48,794 E (the "'794 Patent" or the "Asserted Patent").

9. VoiceComm does not infringe Claim 1 of the '794 Patent because, among other things, the accused products do not include: (1) "first and second separate blade members secured within the housing so as to have prong portions of the blade members positioned in order to extend in a first direction from a front wall of the housing the prong portions adapted to be received in the receptacle openings of the power source"; (2) the charger plug including a DC connector having an aperture adapted to removably receive a corresponding power cord plug end for transmitting DC power to the rechargeable electronic device"; (3) "the charger plug housing forming a) a charger plug face area defined by the front wall b) an outer profile defined by a perimeter of the front wall and defined by a plug body extending

rearward from the front wall and c) a rear end opposite the front wall"; and (4) "the charger plug configured to be capable of plugging into a standard wall outlet and further: i) being sized so that the charger plug housing comprises a longitudinal length extending between the front wall and the rear end and the longitudinal length is less than 2.0 inches, a width of the housing outer profile being less than 1.75 inches, and ii) the outer profile having no interference with an adjacent receptacle of the power source located on all sides of the first receptacle when a like charger plug is mounted in all available orientations in any of the other receptacles, so that when space is limited by an obstacle adjacent or in front of the power source the charger plug is capable of being conveniently mounted to one of the receptacles, the power cord plug end may be conveniently received by the DC connector, and the power cord plug end can be conveniently removed from the DC connector while leaving the charger plug connected to the receptacle" as required by Claim 1 of the '794 Patent.

10.   Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201, et seq., VoiceComm requests a declaration by the Court that VoiceComm has not infringed and does not infringe any claim of the Asserted Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## COUNT II
## DECLARATION REGARDING INVALIDITY

11. VoiceComm incorporates by reference Paragraphs 1-10 above.

12. Based on Voltstar's filing of this action and at least VoiceComm's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the Asserted Patent.

13. The asserted claims of the Asserted Patent are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent No. 5,243,510; U.S. Patent No. 5,580,268; U.S. Patent No. 5,681,188; U.S. Patent No. 5,744,934; U.S. Patent No. D482,654; and/or 6,644,984.

14. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 et seq., VoiceComm requests a declaration by the Court claims of the Asserted Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHERFORE, VoiceComm asks this Court to enter judgment in VoiceComm's favor and against Voltstar by granting the following relief:

a) a declaration that the Asserted Patent is invalid;

b) a declaration that VoiceComm does not infringe, under any theory, any valid claim of the Asserted Patent that may be enforceable;

c) a declaration that the Asserted Patent is unenforceable;

d) a declaration that Voltstar takes nothing by its Complaint;

e) judgment against Voltstar and in favor of VoiceComm;

f) dismissal of the Complaint with prejudice;

g) a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to VoiceComm of its costs and attorneys' fees incurred in this action; and

h) further relief as the Court may deem just and proper.

## JURY DEMAND

VoiceComm hereby demands trial by jury on all issues.

Dated: March 10, 2025

By: */s/ Michael T. Zoppo*
**FISH & RICHARDSON P.C.**
Michael T. Zoppo
zoppo@fr.com
7 Times Square, 20th Floor
New York, NY 10038
(212) 765-5070 (telephone)
(212) 258-2291 (facsimile)

Neil J. McNabnay
mcnabnay@fr.com
Lance E. Wyatt (*pro hac vice pending*)
wyatt@fr.com
Rodeen Talebi (*pro hac vice pending*)
talebi@fr.com
Alexander H. Martin (*pro hac vice pending*)
martin@fr.com
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214) 747-5070

*Attorneys for Defendant VoiceComm, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 10, 2025, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Michael T. Zoppo*
Michael T. Zoppo
